RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6  24  15
JT

a

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ALAN WOOLEY (#31914-034)** | **DOCKET NO. 15-CV-1655, SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the pro se habeas corpus petition of Alan Charles Wooley, filed pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the United States Bureau of Prisons, presently incarcerated at the Federal Correctional Institution in Texarkana, Texas. At the time of filing, hew was incarcerated at the United States Penitentiary in Pollock, Louisiana. He complains about his exposure to hazardous and toxic materials, and asks that his sentence be shortened as a result of the exposure.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Petitioner's Allegations*

Petitioner claims that he was exposed to a toxic flammable chemical without being provided with the proper protective equipment. He claims that Camp Administrator Zerr and Donald Campbell committed felonies by falsifying documents claiming that the proper protective equipment was provided. Plaintiff claims that these actions constitute a breach of his plea agreement, and

he asks that his sentence be reduced as a result.

## *Law and Analysis*

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. §2241. A petition for writ of habeas corpus is the proper procedural vehicle for challenging the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, Petitioner is not claiming that the length of his sentence is unlawful or that he is otherwise *entitled* to a speedier release from custody. Rather, he complaints about the conditions of his confinement and his alleged exposure to toxic materials. He seeks a shorter sentence as a remedy for the exposure. A *civil rights action* is the proper remedy for a prisoner who is making a constitutional challenge to the conditions of his confinement, but not to the fact or length of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

In a petition filed pursuant to 28 U.S.C. §2241, the petitioner bears the burden to plead and prove that he or she is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. §2241(c). Petitioner does not allege that his sentence is being improperly executed or that the BOP miscalculated his sentence or that his confinement is illegal. He simply seeks a speedier release as a remedy for the alleged exposure. Thus, Petitioner's claim is actually a civil rights claim that should been filed pursuant to Bivens v. Six Unknown Named Agents of

<u>Federal Bureau of Narcotics,</u> 403 U.S. 388 (1971).  In <u>Bivens</u>, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.  Petitioner has already filed a <u>Bivens</u> claim alleging wrongful exposure to hazardous materials.

Petitioner also claims that he defendants have committed criminal acts.  However, the decision whether or not to bring criminal charges rests solely with the prosecutor, not the Court. <u>See</u> <u>also</u> <u>Oliver</u> 914 F.2d at 601;  <u>United States v. Carter</u>, 953 F.2d 1449, 1462 (5th Cir. 1992); <u>Williams v. Hartje</u>, 827 F.2d 1203, 1209 (8th Cir. 1987).

Finally, Petitioner claims that the alleged exposure constitutes a breach of his plea agreement, entitling him to a shorter sentence. Petitioner's plea agreement involved him pleading guilty to Count 1 of a superceding bill of information in exchange for the United States dismissing the indictment, including Count 2, and not charging Petitioner with any other violations of the federal controlled substances act that he may have committed prior to March 3, 2011. [Case 2:11-cr-51, E.D.La., Doc. #39] The government also agreed not to charge petitioner with having a prior drug felony conviction, which would mandate a sentence of 20 years to life on Count 1.  The government also agreed that Petitioner was entitled to a reduction in his guideline offense level for timely

3

acceptance of responsibility.  [Case 2:11-cr-51, E.D.La., Doc. #39]
The plea agreement had nothing to do with Petitioner's conditions
of confinement or the alleged toxic exposure.

Petitioner has not presented a cognizable claim that his
custody is in violation of the laws or Constitution of the United
States. Therefore, **IT IS RECOMMENDED** that the petition be **DENIED
and DISMISSED** with prejudice for failure to state a claim for which
habeas relief can be granted.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and
Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days
from service of this Report and Recommendation to file specific,
written objections with the clerk of court.  No other briefs or
responses (such as supplemental objections, reply briefs etc.) may
be filed.  Providing a courtesy copy of the objection to the
magistrate judge is neither required nor encouraged. Timely
objections will be considered by the district judge before he makes
his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,
CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN
FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR
AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM
ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS
ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this ___ day

of June, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE